**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re: ABLE BODY TEMPORARY
SERVICES, INC.,
    Debtor.
_____

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                                       Lead Case No: 8:15-cv-644-T-24

SYNOVUS BANK,

    Defendant.
_____

In re: YJNK XI CA, LLC,
Debtor.
_____

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                                       Member Case No: 8:15-cv-645-T-24

SYNOVUS BANK,

    Defendant.
_____

In re: ROTRPICK, LLC,
Debtor.
_____

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                                       Member Case No: 8:15-cv-646-T-24

SYNOVUS BANK,

    Defendant.

---

In re: ABTS HOLDINGS, LLC,
Debtor.

---

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                                                  Member Case No: 8:15-cv-647-T-24

SYNOVUS BANK,

    Defendant.

---

In re: PREFERABLE HQ, LLC,
Debtor.

---

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                                                  Member Case No: 8:15-cv-648-T-24

SYNOVUS BANK,

    Defendant.

---

In re: CECIL B. DEBOONE, LLC,
Debtor.

---

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                                              Member Case No: 8:15-cv-649-T-24

SYNOVUS BANK,

    Defendant.
_____

In re: TRAINING U, LLC,
Debtor.
_____

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                                              Member Case No: 8:15-cv-650-T-24

SYNOVUS BANK,

    Defendant.
_____

In re: USL&H STAFFING, LLC,
Debtor.
_____

CHRISTINE L. HERENDEEN,

    Plaintiff,

v.                                                                                              Member Case No: 8:15-cv-651-T-24

SYNOVUS BANK,

    Defendant.
_____

In re: YJNK VIII, Inc.,
Debtor.
_____

CHRISTINE L. HERENDEEN,

Plaintiff,

v.                                              Member Case No: 8:15-cv-652-T-24

SYNOVUS BANK,

Defendant.

_____/

## **ORDER**

This cause comes before the Court on Plaintiff's motions to withdraw the reference and Defendant's responses in opposition.[1] The Court, having reviewed the motions, responses, and being otherwise advised, concludes that the motions to withdraw the reference should be denied.

**I.    BACKGROUND**

These are nine of eighteen related adversary proceedings currently pending before Judge Caryl E. Delano in the United States Bankruptcy Court for the Middle District of Florida.[2] Seven of the adversary proceedings were commenced by Christine L. Herendeen, the Chapter 7 Trustee of several bankrupt entities, against Synovus Bank on October 31, 2014 (the "October 2014 Adversary Proceedings"). Herendeen moved to withdraw the bankruptcy reference in each of the

---

[1] *See In Re: Able Body Temporary Services, Inc.*, Case No. 8:15-cv-644-T-24 (Dkts. 1 and 2); *In re: YJNK XI CA, LLC,* Case No. 8:15-cv-645-T-24 (Dkts. 1 and 2); *In re: Rotrpick, LLC*, Case No. 8:15-cv-646-T-24 (Dkts. 1 and 2); *In re: ABTS Holdings, LLC*, Case No. 8:15-cv-647-T-24 (Dkts. 1 and 2); *In re Preferable HQ, LLC*, Case No. 8:15-cv-648-T-24 (Dkts. 1 and 2); *In re: Cecil B. Deboone, LLC*, Case No. 8:15-cv-649-T-24 (Dkts. 1 and 2); *In re: Training U, LLC*, Case No. 8:15-cv-650-T-24 (Dkts. 1 and 2); *In re: USL&H Staffing LLC*, Case No. 8:15-cv-651-T-24 (Dkts. 1 and 2); and *In re: YJNK VIII, LLC*, Case No. 8:15-cv-652-T-24 (Dkts. 1 and 2).

[2] *See In re: Able Body Temporary Services, Inc.*, Case No. 8:15-ap-102-CED; *In re: YJNK XI CA, LLC,* Case No. 8:15-ap-00103-CED; *In re: Rotrpick, LLC*, Case No. 8:15-ap-00104-CED; *In re: ABTS Holdings, LLC*, Case No. 8:15-ap-00105-CED; *In re Preferable HQ, LLC*, Case No. 8:15-ap-00106-CED; *In re: Cecil B. Deboone, LLC*, Case No. 8:15-ap-00107-CED; *In re: Training U, LLC*, Case No. 8:15-ap-00108-CED; *In re: USL&H Staffing LLC*, Case No. 8:15-ap-00109-CED; *In re: YJNK VIII, LLC*, Case No. 8:15-ap-00110-CED; *In re Organized Confusion, LLP*, Case No. 8:14-ap-00972-CED; *In re Professional Staffing—A.B.T.S., Inc. v. Synovus Bank*, Case No. 8:14-ap-00973-CED; *Westward Ho, LLC*, Case No. 8:14-ap-00974-CED; *In re Westward Ho II, LLC*, Case No. 8:14-ap-00975-CED; *In re In re YJNK II, Inc.*, Case No. 8:14-ap-00976-CED; *In re YJNK III, Inc.*, Case No. 8:14-ap-00977-CED; *In re: Able Body Gulf Coast, Inc.,* Case No. 8:14-ap-00978-CED; *Welch v. Synovus Bank et al.*, Case No. 8:14-ap-00645-CED; and *Welch v. Regions Bank*, Case No. 8:14-ap-00653-CED (collectively the "related adversary proceedings").

4

October 2014 Adversary Proceedings. On February 19, 2015, this Court denied the motions to withdraw the reference. *See In Re: Organized Confusion, LLP*, Case No. 8:14-cv-3226-T-24 (Dkt. 11) (the "Related Order").

On January 30, 2015, Herendeen filed nine additional adversary proceedings (the "January 2015 Adversary Proceedings"). The January 2015 Adversary Proceedings and the related adversary proceedings all arise from allegedly fraudulent transfers made in connection with a check kiting scheme carried out by bankrupt debtor, Frank Mongelluzzi ("Mongelluzzi"), and several bankrupt entities he owned, including the Debtors in the instant cases (the "Bankrupt Entities"). The factual allegations contained in the January 2015 Adversary Proceedings are highly similar to those contained in the related adversary proceedings. [3]

On May 24, 2013, the Bankrupt Entities filed voluntary petitions for relief under Chapter 7 of the United States Bankruptcy Code. Plaintiff Christine Herendeen was appointed as the Chapter 7 Trustee of the Bankrupt Entities' estates. On January 30, 2015, Plaintiff filed complaints on behalf of the Bankrupt Entities against Synovus in the bankruptcy court. The complaints all seek to determine the extent, validity, or priority of lien and avoidance of lien pursuant to 11 U.S.C. § 544(a) and assert claims against Synovus for aiding and abetting breach of fiduciary duty.[4]

The complaints allege Mongelluzzi and others engaged in an elaborate check kiting scheme that hindered, delayed, and defrauded the Bankrupt Entities' creditors in the period of 2007 through 2010. Plaintiff asserts Synovus benefitted from the alleged scheme by assessing

---

[3] A discussion of relevant background is included in *In Re: Organized Confusion, LLP*, Case No. 8:14-cv-3226-T-24 (Dkt. 11, at 4).

[4] In addition, the complaints in *In re: Able Body Temporary Services, Inc.*, Case No. 8:15-ap-102-CED; *In re: YJNK XI CA, LLC,* Case No. 8:15-ap-00103-CED; and *In re: Rotrpick, LLC*, Case No. 8:15-ap-00104-CED seek to avoid allegedly fraudulent transfers made by the Bankrupt Entities to or for the benefit of Synovus under 11 U.S.C. § 544(b) of the United States Bankruptcy Code and Florida Statutes §§ 726.105(1)(a), 726.105(1)(b), 726.106(1), 726.108 and to recovery property pursuant to 11 U.S.C. § 550.

considerable overdraft fees, charges, and interest in connection with a revolving line of credit (the "Credit Line") and various other loans the Bankrupt Entities had with Synovus. The complaints also allege that Synovus received substantial purchase price consideration when the several of the Bankrupt Entities were eventually sold in 2010.[5] As a result of Synovus' monitoring of the Bankrupt Entities' accounts and its financial oversight in connection with the administration of the Credit Line and loans issued to the Bankrupt Entities, Plaintiff alleges Synovus acquired intimate and thorough knowledge of the Bankrupt Entities' insolvency and the check kiting scheme. Plaintiff asserts that after Synovus' purported discovery of the Bankrupt Entities' scheme, Synovus continued its banking relationship with the Bankrupt Entities and continued to collect substantial fees, charges, interest, and other forms of revenue to the detriment of the Bankrupt Entities' creditors. Plaintiff also alleges Synovus "forced" the sale of several of the Bankrupt Entities to Michael D. Traina and MDT Personnel, LLC, by choking off their access to loan proceeds from the Credit Line.[6] Plaintiff asserts the transfers Synovus received from the purportedly forced sale of the Bankrupt Entities, along with the substantial fees, charges, interest, and other forms of revenue Synovus received in continuing its banking relationship with the Bankrupt Entities are partially or entirely subject to avoidance and recovery by Plaintiff for the benefit of the Bankrupt Entities' legitimate creditors.

Plaintiff now moves for the entry of an order withdrawing the reference pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Rule 5011-1(b)(2) of the United States Bankruptcy Court for the Middle District of Florida.

---

[5] *See id.* at 5.
[6] *See id.* at 6.

## II.     JURISDICTIONAL ANALYSIS

### Bankruptcy Court Jurisdiction

The United States Code grants bankruptcy jurisdiction to Article III district courts. Specifically, 28 U.S.C. § 1334(b) states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Congress provided in 28 U.S.C. § 157(a) that each district court may refer all cases "arising under," "arising in," or "related to" Title 11 proceedings to the bankruptcy judges for the district. This Court has a standing order referring all bankruptcy matters to the bankruptcy courts. A finding that a matter is "related to" a bankruptcy case confers subject matter jurisdiction to the bankruptcy court and empowers it to hear the non-core matter. *In re Happy Hocker Pawn Shop, Inc.*, 212 Fed. App'x 811, 817 (11th Cir. 2006). However, under § 157(c), the bankruptcy court's power to determine a non-core matter is limited, as compared to its power to hear and determine core matters under § 157(b)(l). Specifically, the bankruptcy court has the power to determine matters properly before it under Title 11, but with respect to "related to" or non-core matters, an Article III court must render final judgment unless the parties consent to allow the bankruptcy court to handle the matter. 28 U.S.C. § 157(b) and (c).

## III.    STANDARD GOVERNING PERMISSIVE WITHDRAWAL OF REFERENCE

The standard for permissive withdrawal is stated in 28 U.S.C. § 157(d): "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under [§ 157], on its own motion or on timely motion of any party, for cause shown." Congress has not given a definition or explanation of the "cause" required for permissive withdrawal, but the Eleventh Circuit has stated that cause "is not an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). In determining whether the movant has established sufficient cause to withdraw

7

the reference, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *In re Advanced Telecomm. Network, Inc.,* 2014 WL 2528844, at *1 (M.D. Fla. June 4, 2014) (*citing In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) (citations omitted)). Additional factors to consider include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay. *Control Ctr., L.L.C. v. Lauer,* 288 B.R. 269, 274 (M.D. Fla. 2002) (citations omitted).

The Eleventh Circuit has noted that "the cause prerequisite should not be used to prevent the district court from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisory function over the bankruptcy courts." *Parklane*, 927 F.2d at 538. The determination of whether to grant a motion for permissive withdrawal is within the court's discretion. *See In re Fundamental Long Term Care, Inc.,* 2014 WL 4452711, at *1 (M.D. Fla. Sept. 9, 2014) (citing *In re TPI lnt'l Airways*, 222 B.R. 663, 668 (S.D.Ga.1998) (citations omitted)).

### IV.   MOTION TO WITHDRAW THE REFERENCE

Plaintiff argues that the reference should be withdrawn for the following reasons: (1) the complaints' claims are non-core; (2) withdrawing the reference would promote the efficient use of economic and judicial resources; and (3) withdrawing of the reference would facilitate consistent rulings. Additionally, Plaintiff has demanded a jury trial, and as such, Plaintiff contends this is another factor in support of withdrawal. As discussed below, the Court determines it is appropriate for the reference to remain with the bankruptcy court, and for the bankruptcy court to address all matters at this time.

## Core or Non-Core Status of the Proceedings

First, the Court considers the parties' arguments regarding the core/non-core nature of the adversary proceedings at issue. Plaintiff argues the proceedings are non-core, and, therefore the reference should be withdrawn.[7] Defendants assert that the alleged non-core nature of Plaintiff's claims do not necessitate withdrawal of reference and argue that the Court may render a ruling without considering the core or non-core status of the proceedings.

As the Court discussed in the Related Order, it is proper for the bankruptcy court to make the initial determination of whether a matter is core or non-core. *See In Re: Organized Confusion, LLP*, Case No. 8:14-cv-3226-T-24 (Dkt. 11) (citing *In re Fundamental Long Term Care, Inc.*, 2014 WL 2882522, at *2 (M.D. Fla. June 25, 2014) (citations omitted)); 28 U.S.C. § 157(b)(3)). In the instant proceedings, there is nothing in the record reflecting that the bankruptcy court has made a determination regarding whether the proceedings are core or non-core. Further, the courts have found that permitting withdrawal "on the sole ground that the proceeding is non-core would disregard the provisions of § 157(b)(3) by removing the decision as to whether an action is a core proceeding from the Bankruptcy Court." *In re Stone*, No. 8:10-AP-1073-MGW, 2010 WL 5069698, at *2 (M.D. Fla. Dec. 7, 2010) (citing *Fisher v. Ins. Co. of the State of Pa. (In re Pied Piper Casuals, Inc.),* 48 B.R. 294, 295 (S.D.N.Y.1985)). The Court may rule on a motion to withdraw the reference without making a determination as to whether the proceedings are core or non-core where the bankruptcy court has not yet resolved the issue, *see id.* (citing *TPI Int'l*, 222 B.R. at 668 n. 3); therefore, the Court will not consider this factor in its analysis of the instant motions.

---

[7] Alternatively, Plaintiff urges the Court to defer ruling on the instant motions until after the bankruptcy court has been fully briefed on the relevant core or non-core issues.

**Efficient Use of Economic and Judicial Resources**

Next, the Court considers the efficient use of economic and judicial resources. Plaintiff asserts adjudication of these matters by the district court in the first instance would be more efficient because proposed findings of fact and conclusions of law made by the bankruptcy court on non-core claims would be subject to *de novo* review by this Court, which would cause delay. Plaintiff also argues that this Court's potential *de novo* review could hinder uniformity in bankruptcy administration.

A district court can allow the bankruptcy court to retain jurisdiction to address all pretrial matters, from discovery through dispositive motions on non-core claims. *See In re Gunnallen Financial, Inc.,* 2011 WL 398054, at *4 (citing *In re Stone,* 2010 WL 5069698, at *1 (finding that the case did not need to be immediately withdrawn from the bankruptcy court and that the bankruptcy court could handle all pretrial matters)). In addition, allowing the bankruptcy court to dispose of all pretrial matters "promote[s] judicial economy and efficiency." *In re E. Coast Brokers & Packers, Inc.*, No. 8:13-BK-2894-KRM, 2015 WL 2452304, at *1 (M.D. Fla. May 21, 2015) (citing *In re Stone*, 2010 WL 5069698, at *4).

Plaintiff's arguments regarding judicial economy are unpersuasive. Eventual *de novo* review does not extinguish the role of the bankruptcy court. *Id.* "If accepted, this kind of reductionist reasoning would result in the reference always being withdrawn from the Bankruptcy Court in the name of efficiency because of the omnipresent possibility of appeal." *Id.* (citing *In re Fundamental Long Term Care, Inc.*, 2014 WL 4452711, at *2). The bankruptcy court's familiarity with the similar facts in the related adversary proceedings places the bankruptcy court at an informational advantage. Therefore, it is the Court's conclusion that allowing these adversary

10

proceedings to continue in the bankruptcy court for all pretrial matters promotes the efficient use of judicial resources and will not result in delay.

## Jury Demand

Plaintiff has demanded a jury trial on all claims asserted in the adversary proceedings. Plaintiff states she does not intend to consent to a jury trial before the bankruptcy court. In response, Defendant argues that Plaintiff is not entitled to a jury trial because (1) Plaintiff is bound by jury trial waivers contained in a security agreement[8] and a modification agreement[9] between Synovus and four Bankrupt Entities; and (2) Plaintiff, as bankruptcy trustee may not be entitled to a jury trial in an avoidance action.[10]

The Court will consider the issue of jury trial waivers first. The case of *In re Pearlman*, 493 B.R. 878, 885 (M.D. Fla. 2013) is instructive. In *Pearlman*, a chapter 11 trustee requested a jury trial in an adversary proceeding to avoid alleged fraudulent transfers by the debtors and to bring a fraudulent conveyance claim on behalf of prepetition creditors pursuant to § 544 of the Bankruptcy Code. The bankruptcy court determined that the trustee was not entitled to a jury trial on the fraudulent transfer or fraudulent conveyance claims because the debtors had waived the right to a jury trial in a related loan agreement. The court explained:

> A trustee represents the interests of a *debtor*…which includes bringing any action that the *debtor* could have brought had it not filed for bankruptcy. The Trustee is

---

[8] Able Body Temporary Services, Inc., YJNK VIII, LLC, YJNK XI CA, LLC, and ABTS Holdings, LLC were parties to the security agreement. *See In Re: Able Body Temporary Services, Inc.*, Case No. 8:15-cv-644-T-24 (Dkt. 4-1, Ex. L).

[9] Able Body Temporary Services, Inc., YJNK VIII, LLC, YJNK XI CA, LLC, and ABTS Holdings, LLC were parties to the modification agreement. *See id.*

[10] Defendants have moved to strike Plaintiff's demand for jury trial in each of the underlying adversary proceedings before the bankruptcy court. *See In re: Able Body Temporary Services, Inc.*, Case No. 8:15-ap-102-CED (Dkt. 19); *In re: YJNK XI CA, LLC*, Case No. 8:15-ap-00103-CED (Dkt. 21); *In re: Rotrpick, LLC*, Case No. 8:15-ap-00104-CED (Dkt. 19); *In re: ABTS Holdings, LLC*, Case No. 8:15-ap-00105-CED (Dkt. 16); *In re Preferable HQ, LLC*, Case No. 8:15-ap-00106-CED (Dkt. 16); *In re: Cecil B. Deboone, LLC*, Case No. 8:15-ap-00107-CED (Dkt. 16); *In re: Training U, LLC*, Case No. 8:15-ap-00108-CED (Dkt. 16); *In re: USL&H Staffing LLC*, Case No. 8:15-ap-00109-CED (Dkt. 16); and *In re: YJNK VIII, LLC*, Case No. 8:15-ap-00110-CED (Dkt. 16).

>correct that pre-bankruptcy, only a creditor had the right to assert a state-law fraudulent conveyance claim. However, once the Debtors' petitions were filed, any fraudulent conveyance claim became the *exclusive* right of the Trustee to pursue. The Trustee, who has the same rights and defenses as the Debtors, is bound by the Debtors' waiver and is precluded from asserting a jury trial demand in this case.

*Id.* (emphasis in original).

The Eleventh Circuit has held "[a] party may validly waive its Seventh Amendment right to a jury trial so long as waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys. Inc.,* 164 Fed. App'x 820, 823 (11th Cir.2006). Generally, "[i]n making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Id* at 824. The court considers these factors and then determines "whether, in light of all the circumstances, the [c]ourt finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. W. United Life Assur. Co.,* 347 F.Supp.2d 1246, 1252 (M.D. Fla. 2004).

It is apparent that four of the Bankrupt Entities[11] waived their right to a jury trial in the security agreement and the modification agreement. The security agreement, which was signed by Mongelluzzi, as President of Able Body Temporary Services, Inc., YJNK VIII, LLC, and YJNK XI CA, LLC, and as manager of ABTS Holdings, LLC, includes a paragraph entitled "WAIVER OF JURY TRIAL". The paragraph regarding the waiver of jury trial appears in uppercase and bold-face font, and provides in part that the bankrupt entities and Synovus:

>(a) COVENANT AND AGREE NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY A JURY, AND (b) WAIVE TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH CREDITOR AND DEBTOR MAY BE PARTIES, ARISING OUT OF, IN CONNECTION WITH OR IN ANY WAY PERTAINING TO THIS AGREEMENT, ANY OF THE LOAN DOCUMENTS AND/OR ANY TRANSACTIONS, OCCURENCES, COMMUNICATIONS, OR UNDERSTANDING (OR THE LACK OF ANY OF THE FOREGOING) RELATING IN ANY WAY TO THE DEBTOR-CREDITOR

---

[11] Able Body Temporary Services, Inc., YJNK VIII, LLC, YJNK XI CA, LLC, and ABTS Holdings, LLC.

12

> RELATIONSHIP BETWEEN THE PARTIES. IT IS UNDERSTOOD AND AGREED THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS AGAINST ALL PARTIES TO SUCH ACTIONS OR PROCEEDINGS, INCLUDING CLAIMS AGAINST PARTIES WHO ARE NOT PARTIES TO THIS SECURITY AGREEMENT. THIS WAIVER OF JURY TRIAL IS SEPARATELY GIVEN, KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY THE PARTIES HERETO…

(*In Re: Able Body Temporary Services, Inc.*, Case No. 8:15-cv-644-T-24 (Dkt. 4-1, Ex. L)). The modification agreement, which was also signed by Mongelluzzi on behalf of the same four Bankrupt Entities, also contains a jury trial waiver, which again in uppercase and bold-face font provides:

> LENDER, BORROWER, AND GUARANTOR HEREBY KNOWINGLY, VOLUNTARITY AND INTENTIONALLY WAIVE THE RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT, THE RENEWAL NOTE, LOAN AGREEMENT AND SECURITY AGREEMENT REFERRED TO HEREIN, AND ANY AGREEMENT EXECUTED THEREWITH OR REFERRED TO OR DESCRIBED HEREIN OR CONTEMPLATED TO BE EXECUTED IN CONJUNTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITEN) OR ACTIONS OF EITHER PARTY, OR ANY OF THE THEM. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE LENDER ENTERING INTO THIS AGREEMENT.

(*In Re: Able Body Temporary Services, Inc.*, Case No. 8:15-cv-644-T-24 (Dkt. 4-1, Ex. L)). The waiver provisions are conspicuous and there is no suggestion that the parties had unequal bargaining power or that the terms of the agreements were not negotiable. In light of these circumstances, the Court does not find the waivers to be unconscionable, contrary to public policy, or simply unfair. Therefore, it is the Court's conclusion that Plaintiff is bound by the jury trial waivers found in the security agreement and the modification agreement, and thus, is precluded from asserting a jury trial demand with regard to the bankrupt entities who were parties thereto. *See In re Pearlman*, 493 B.R. at 885. Accordingly, Plaintiff's request for a jury trial is not a

sufficient reason for the Court to withdraw the reference for the four bankrupt entities that waived their right to a jury trial in the security and modification agreements.

Bankrupt entities Rotrpick, LLC, Preferable HQ, LLC, Cecil B. Deboone, LLC, Training U, LLC, and USL&H Staffing, LLC did not agree to waive a jury trial in any relevant agreement. Therefore, with respect to these entities, the Court must consider Defendant's argument that Plaintiff, as bankruptcy trustee, may not be entitled to a jury trial in an avoidance action with regard to these bankrupt entities.

The Florida bankruptcy courts differ on whether a bankruptcy trustee may elect a jury trial under these circumstances. *Cf. In re Pearlman,* 493 B.R. at 878 (holding a bankruptcy trustee is never entitled to a jury trial in avoidance actions); *Mukamal v. BMO Harris Bank, N.A.,* 501 B.R. 792 (S.D. Fla.2013) (holding a bankruptcy trustee had a right to jury trial in an avoidance action where a defendant had not filed a proof of claim). Notwithstanding that Florida bankruptcy law is uncertain on the issue of whether the bankruptcy trustee has a right to a jury trial in an avoidance action, it remains appropriate for the bankruptcy court to address all pretrial matters. Should it become necessary, the Court will revisit Plaintiff's entitlement to a jury trial in the cases of *In re: Rotrpick, LLC, In re Preferable HQ, LLC, In re: Cecil B. Deboone, LLC, In re: Training U, LLC*, and *In re: USL&H Staffing LLC*.[12]

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motions to Withdraw the Reference are **DENIED**. The Clerk is directed to **CLOSE** case numbers 8:15-cv-644-T-24;

---

[12] Because the bankruptcy court cannot issue a final judgment as to non-core matters, should the bankruptcy court determine that the adversary proceedings contain non-core claims and any of the parties refuse to consent to the bankruptcy court's conducting trial in the matter, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to this Court, and any final order or judgment shall be entered by this Court after considering the bankruptcy judge's proposed findings and conclusions pursuant to 28 U.S.C. § 157(c).

8:15-cv-645-T-24;  8:15-cv-646-T-24;  8:15-cv-647-T-24;  8:15-cv-648-T-24;  8:15-cv-649-T-24; 8:15-cv-650-T-24; 8:15-cv-651-T-24; and 8:15-cv-652-T-24.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of May, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties